FILED
JAMES BONINI
CLERK

05 APR -1 PM 2:27

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Jeffrey D. Huffman
2566 St. Rte. 13 N.E.
New Lexington, Ohio 43764

    Plaintiff,

vs.

Regional Adjustment Bureau, Inc.
C/o CT Corporation System
1300 E. Ninth St.
Cleveland, Ohio 44114

Fifth Third Bank, N.A.
C/o Paul J. Reynolds
38 Fountain Square Plaza
Cincinnati, Ohio 45263

    Defendants.

Case No. C2 05 312

Judge: **JUDGE GRAHAM**

Magistrate Judge:

    **MAGISTRATE JUDGE ABEL**

JURY DEMAND
ENDORSED HEREON

## COMPLAINT

Now comes Jeffrey D. Huffman ("Plaintiff") and sets forth below his Complaint against Defendants, Regional Adjustment Bureau, Inc. ("RAB"), and Fifth Third Bank, N.A. ("FTB").

### Jurisdiction And Venue

1. The Court has subject matter jurisdiction pursuant to the doctrine of federal question and *28 U.S.C. §1331*. Specifically, this case concerns unlawful debt collection practices under the Fair Debt Collection Practices Act at *15 U.S.C. §1692* ("FDCPA"). The Court also takes supplemental jurisdiction over Plaintiff's state law claims for conversion, invasion of privacy, and the Ohio Consumer Sales Practices Act at *R.C. §1345.01* ("OCSPA") pursuant to *28 U.S.C. §1367*.

1

2. The Court has personal jurisdiction over Defendant due to Defendants' presence in this jurisdiction, and/or due to Defendant's contacts with Plaintiff in this jurisdiction.

3. This Court location is the proper venue pursuant to *28 U.S.C. § 1391*.

**Factual Allegations Applicable To All Counts**

4. At some time in May or June 2004 FTB first contacted Mr. Huffman relative to collection of FTB account number #851158667 ("Account"). The Account appears to have stemmed from a deficiency remaining after repossession of an automobile. FTB also furnished derogatory consumer information pertaining to the Account to *Equifax, Transunion, and Experian*. The reports were made applicable to Plaintiff.

5. During the initial contacts, Plaintiff informed FTB's collectors that they were pursuing collection against the incorrect individual. FTB ignored Plaintiff, and persisted with regular, and aggressive collection tactics over the next several weeks. FTB took no independent action to investigate whether Plaintiff was the proper account debtor.

6. In order to bring resolution to the matter, Plaintiff went so far as to conduct an investigation of his own. Plaintiff learned the Account was actually opened in 2003 in the name of "Jeff Huffman" by an individual formerly known as *Donald Russell Alfman, Jr.* It appears that Mr. Alfman legally changed his name to "Jeff Huffman" in March 2003, the month in which the Account was originally created.

7. Plaintiff immediately supplied FTB with numerous documents, including his driver's license, birth certificate, and Ohio Department of Motor Vehicle records to establish that he never purchased the vehicle, which originally served as security for the Account. Instead of resolving the matter, that FTB ignored the problem, and

2

continued to attempt collection against Plaintiff. FTB also forwarded the matter to CBC Companies, Inc. and RAB for more aggressive third-party collection.

8. RAB began contacting Plaintiff in early September 2004. By the time Plaintiff received the collection calls, he was emotionally exhausted by the matter, and simply wanted the situation to end. RAB, and in particular, its employee, Natalie Young, was extremely persistent, and threatening. Ms. Young was particularly effective, so much so, that she pressured Plaintiff into giving her information pertaining to his personal checking account at Peoples' National Bank Ms. Young attempted to persuade Plaintiff to make a "payment" on the Account under the false pretense that despite the clear identity problem, RAB and FTB could continue collection until Plaintiff obtained a court order commanding RAB to discontinue its efforts.

9. On or September 20, 2004, RAB deliberately made unauthorized, direct withdrawal from Plaintiff's checking account in the amount of $4,541.83 plus a $7.00 "handling fee". Plaintiff became understandably outraged by RAB's conduct, and contacted his local attorney to get FTB to call off the collection and to finally settle the matter.

10. On or around September 28, 2004, attorney D. Anderson Moorehead forwarded a letter to FTB with instructions to cease collection, and with a demand to cause the deletion of the derogatory consumer information from Plaintiff's *Equifax, Experian*, and *Transunion* consumer reports. FTB never gave Mr. Moorehead the courtesy of a reply.

11. On October 27, 2004, and without any further response from FTB, RAB again, deliberately obtained another unauthorized, direct withdrawal from Plaintiff's checking account. This time RAB obtained $4,541.82 plus a $7.00 "handling fee".

On Plaintiff's insistence, Peoples' National Bank caused this direct withdrawal to be reversed on October 29, 2004.

12. On November 27, 2004, FTB sent Plaintiff another collection, threatening this time to "sell" the Account unless Plaintiff paid FTB another 50% of the outstanding balance. On December 30, 2004, Plaintiff hired the undersigned counsel who directed a demand letter to RAB and FTB.

13. As of the date of this Complaint, RAB and FTB continue to deliberately and wrongfully exercise possession and control of $4,548.83 of Plaintiff's money, and appear to maintain the continuing intent to wrongfully collect the Account against Plaintiff.

## COUNT I – FDCPA VIOLATIONS BY RAB

14. All statements made in all preceding paragraphs are hereby incorporated into this Count by this reference.

15. RAB is a "debt collector" within the meaning of *15 U.S.C. §1692a(6)*. The Account is a "debt" within the meaning of *15 U.S.C. §1692a(5)*. Plaintiff is a "consumer" within the meaning of *15 U.S.C. §1692a(3)*.

16. RAB violated Plaintiff's consumer rights under the FDCPA in many ways, including but not limited to the following:

    a. RAB's telephonic contact with Plaintiff did not include the appropriate notices required by *15 U.S.C. §1692e(11)*.

    b. RAB did not timely provide Plaintiff with proper notice of his rights to obtain validation of the questioned debt as required by *15 U.S.C. §1692g*.

4

c. RAB engaged in false and deceptive means to collect the debt in violation of *15 U.S.C. §1692e(2)(A)* by falsely representing that Plaintiff owed the Account, and by misrepresenting that RAB was legally entitled to continue collection until Plaintiff obtained a court order proving that he did not owe the Account.

d. RAB engaged in false and deceptive means to collect the debt in violation of *15 U.S.C. §1692e(10)* by deliberately threatening Plaintiff with false debt information in order to obtain Plaintiff's personal bank account information.

e. RAB engaged in unfair collection practices in violation of *15 U.S.C. §1692f(1)* by attempting to collect an "amount" from Plaintiff that was not authorized by an agreement that Plaintiff executed.

f. RAB engaged in unfair collection practices in violation of *15 U.S.C. §1692f* by first obtaining Plaintiff's personal banking information through false and deceptive pretenses, and then using said information to remove money from Plaintiff's personal bank account.

g. RAB engaged in abusive and harassing collection tactics in violation of *15 U.S.C. §1692d* by continually calling Plaintiff after Plaintiff informed RAB of the identity discrepancy and by cajoling Plaintiff to give personal information in exchange for agreements to cease collection of the Account.

h. RAB violated the FDCPA generally by failing to take appropriate measures to properly identify Plaintiff as the actual account debtor, and specifically by failing to cease collection after Plaintiff provided RAB with ample information to conclude that RAB was collection from the wrong individual.

17. RAB's multiple, and continuous instances of conduct that violated Plaintiff's consumer rights under the FDCPA entitles Plaintiff to all statutory, and punitive relief permitted by law under that statute.

### COUNT II – RAB's Violations Of The OCSPA

18. All statements made in all preceding paragraphs are hereby incorporated into this Count by this reference.

19. Plaintiff is a "consumer" within the meaning of *R.C. §1345.01(D)*. The Account is a "consumer transaction" within the meaning of *R.C. §1345.01(A)*. RAB is a "supplier" within the meaning of *R.C. §1345.01(C)*.

20. RAB's collection of the Account is an activity that is covered by the OCSPA, and each violation of the FDCPA committed by RAB is an equal, and corresponding violation of the OCSPA because each wrongful activity constitutes an unfair and deceptive trade practice under Ohio law.

21. RAB's multiple, and continuous instances of conduct that violated Plaintiff's consumer rights under the OCSPA entitles Plaintiff to all statutory, and punitive relief permitted by law under that statute.

### COUNT III – Conversion By RAB and FTB

22. All statements made in all preceding paragraphs are hereby incorporated into this Count by this reference.

23. RAB and FTB wrongfully deprived Plaintiff of his rights to funds that were maintained in his personal bank account.

24. RAB and FTB have been put on notice on several occasions to immediately return possession of the funds to Plaintiff.

25. RAB and FTB have failed to return the funds, and have continued to wrongfully exercise dominion and control over said funds in violation of Plaintiff's rights.

26. Plaintiff is entitled to recovery of the converted funds, plus interest, and punitive damages.

### COUNT IV – Invasion Of Plaintiff's Privacy By RAB and FTB

27. All statements made in all preceding paragraphs are hereby incorporated into this Count by this reference.

28. Plaintiff has a common law right in Ohio to personal privacy.

29. Plaintiff's rights have been systematically and continuously abused and violated by RAB and FTB.

30. Plaintiff has undergone undue stress and anxiety related to RAB's and FTB's conduct, and has suffered other significant monetary damages.

31. Plaintiff is entitled to punitive damages due to the pervasive, wrongful and invasive conduct engaged in by RAB and FTB.

WHEREFORE, Plaintiff requests this Court to issue civil judgment against RAB and FTB based upon all legal and equitable theories advanced. Plaintiff demands at this time, that his case be tried to a jury.

/s/ James E. Nobile
James E. Nobile (0059705)
**Nobile, Needleman & Thompson, L.L.C.**
4511 Cemetery Rd., Suite B
Hilliard, Ohio 43026
(614) 529-8600
(614) 529-8656 (fax)
jenobile@n-n-t.com